MARK BRNOVICH
ATTORNEY GENERAL

CLAUDIA ACOSTA COLLINGS (021647)
PAUL E. CARTER (014140)
Assistant Attorneys General
416 W. Congress, 2nd Floor
Tucson, AZ 85701-1315
(520) 638-2800 • Fax (520) 628-6050
claudia.collings@azag.gov
paul.carter@azag.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Hector Lopez,<br>Plaintiff,<br>v.<br>Charles Ryan, et al.,<br>Defendants. | No. CV 13-00691-TUC-DCB<br><br>**MOTION FOR STAY PENDING PETITION FOR WRIT OF CERTIORARI** |

Defendants Bennett and Swaney, pursuant to Fed. R. Civ. P. 62, hereby move the Court for a stay of the Court's order (Dkt. 142) and all proceedings in the District Court, including discovery and trial, pending the outcome of Defendants' prospective Petition for Writ of Certiorari to the Supreme Court of the United States on the issues decided against them in *Lopez v. Swaney, et al.*, 17-16516. The Petition will present a substantial question for review: whether two correctional officers violated clearly established law when they deferred to the judgment of medical personnel in response to an inmate's request for medical assistance when medical personnel were already aware of and monitoring the inmate's medical issues.

It is Defendants' position that the Ninth Circuit panel's decision affirming this Court's denial of summary judgment on the issue of qualified immunity conflicts with *City of Escondido v. Emmons*, No. 17-1660, 2019 WL 113027 (U.S. Jan. 7, 2019), which reversed and remanded the Ninth Circuit upon finding that the Court of Appeals failed to conduct a proper qualified-immunity analysis. *See also Kisela v. Hughes*, 584 U.S. __, __ (2018) (slip op., at 4) ("This Court has repeatedly told courts . . . not to define clearly established law at a high level of generality."); *City of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1775-76 (2015) (admonishing the Ninth Circuit and directing the court *not* to define clearly established law at a high level of generality).

This Court has ordered that the parties meet certain pretrial deadlines this month. (Dkt. 142.) These pretrial deadlines fall before Defendants' deadline to file their Petition for Certiorari with the Supreme Court, which is currently March 4, 2019. This office only recently received the required internal approvals to go forward with Defendants' anticipated petition for certiorari. Counsel sought agreement from Lopez's lawyer to the requested stay and he declined to stipulate to it.

Defendants Bennett and Swaney therefore respectfully request that the Court vacate all pretrial deadlines and that it stay all proceedings in the District Court, including trial, until the Supreme Court has issued its decision on their anticipated Petition.

RESPECTFULLY SUBMITTED this 16th day of January, 2019.

MARK BRNOVICH
ATTORNEY GENERAL

s/Paul E. Carter
CLAUDIA ACOSTA COLLINGS
PAUL E. CARTER
Assistant Attorneys General
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the __16th_____ day of January, 2019, I electronically filed the foregoing Document with the United States District Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Stephen M. Weeks
WEEKS LAW FIRM PLLC
P.O. Box 126
Marana, AZ 85653-0126
*Plaintiff's Attorney*

_s/jmp______________________
7601065