**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hector Lopez,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Unknown Bollweg, et al.,<br><br>　　　　Defendants. | No. CV-13-00691-TUC-DCB<br><br>**ORDER** |

On October 30, 2018, the Ninth Circuit Court of Appeals issued an opinion denying the Defendants' interlocutory appeal of this Court's denial of qualified immunity and issued the Mandate on December 12, 2018. (Mandate (Doc. 141)); (Opinion (Doc. 141-1)). The Defendants sought rehearing from the appellate court, which was denied on December 4, 2018. (Response (Doc. 145) at 2.) Accordingly, the 90-day time period for filing a writ of certiorari expires on March 4, 2019. (Motion (Doc. 143) at 2); Sup.Ct. R.13(1) (90 days from entry of the judgment to petition for writ of certiorari).

Upon issuance of the Mandate, this Court returned the case to its active docket and on December 18, 2018, ordered the parties to, within 30 days, file a Joint Pretrial Order for the purpose of proceeding to trial. (Order (Doc. 142)). On January 16, 2019, the Defendants filed a Motion to Stay, "pending the outcome of Defendants' prospective Petition for Writ of Certiorari to the Supreme Court . . . ." (Motion (Doc. 143) at 1.)

> It is Defendants' position that the Ninth Circuit panel's decision affirming this Court's denial of summary judgment on the issue of qualified immunity conflicts with *City of Escondido v. Emmons*, No. 17-1660, 2019 WL 113027 (U.S. Jan. 7, 2019), which reversed and remanded the Ninth circuit upon finding that the Court of Appeals failed to conduct a proper qualified-immunity analysis. *See also Kisela v. Hughes*, 584 U.S. __, __

(2018) (slip op., at 4) ("This Court has repeatedly told courts . . . not to define clearly established law at a high level of generality."); *City of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1775-76 (2015) (admonishing the Ninth Circuit and directing the court *not* to define clearly established law at a high level of generality).

*Id.*

The Plaintiff objects to the stay. Plaintiff notes that *Kisela* and *Sheehan* were cited to the appellate court. (Response (Doc. 145) at 4.) Plaintiff complains that the Defendants did not participate in preparing the Joint Pretrial Order, which Plaintiff filed with the Court on January 17, 2019. (Notice (Doc. 144)).

The Court denies the stay. First, the *City of Escondido, Calif. v. Emmons,* 2019 WL 113027 (January 7, 2019) is not "new" legal authority. In *Escondido,* the Court framed its holding as follows:

> As we have explained <u>many times</u>: "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, . . . 138 S.Ct. 1148, 1152 . . . (2018) (per curiam ) (internal quotation marks omitted); *see District of Columbia v. Wesby*, . . . 138 S.Ct. 577, 593 . . . (2018); *White v. Pauly*, . . . 137 S.Ct. 548, 551 . . . (2017) (per curiam ); *Mullenix v. Luna*, . . . 136 S.Ct. 305, 308 . . . (2015) (per curiam ).

*Id.* at *2 (emphasis added). As noted above, the Ninth Circuit Court of Appeals was well aware of *Kisela* and *Sheehan* when ruling on Defendants' interlocutory appeal.

Second, the Defendants did not seek a stay of the Mandate pursuant to Fed. R. App. P. 41(d) which provides: A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the petition would present a substantial question and that there is good cause for a stay." Defendants instead ask this Court for a stay yet submit that this Court should not "assess the likelihood that its own ruling [and the ruling of the appellate court] will survive appellate review" by the Supreme Court. (Reply (Doc. 146) at 5.) The Court agrees. When the Ninth Circuit Court of Appeals affirmed this Court's denial of qualified immunity, it determined that this Court defined the clearly-established law at issue here with specificity and not at a high level of generality. It remains for the Supreme Court to review the adequacy of the appellate court's assessment. This six-year old case

is before this Court for trial, until and unless certiorari is granted.

**Accordingly,**

**IT IS ORDERED** that the Motion to Stay (Doc. 143) is DENIED.

**IT IS FURTHER ORDERED** that the Defendants shall immediately meet with the Plaintiff, complete the Joint Pretrial Order, and file it with the Court within 14 days of the filing date of this Order.

Dated this 8th day of February, 2019.

Honorable David C. Bury
United States District Judge