MARK BRNOVICH
ATTORNEY GENERAL

CLAUDIA ACOSTA COLLINGS (021647)
PAUL E. CARTER (014140)
Assistant Attorneys General
416 W. Congress, 2nd Floor
Tucson, AZ 85701-1315
(520) 638-2800 • Fax (520) 628-6050
claudia.collings@azag.gov
paul.carter@azag.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Hector Lopez,<br>Plaintiff,<br>v.<br>Charles Ryan, et al.,<br>Defendants. | No. CV 13-00691-TUC-DCB<br><br>**RENEWED MOTION FOR STAY PENDING PETITION FOR WRIT OF CERTIORARI**<br><br>**[Expedited Ruling Requested]** |

Defendants Bennett and Swaney, pursuant to Fed. R. Civ. P. 60(b)(2) and (6), move the Court for relief from its February 8, 2019, Order (dkt. 147) denying their prior Motion for a Stay of all proceedings in the District Court, including discovery and trial, pending the outcome of Defendants' then-prospective Petition for Writ of Certiorari to the Supreme Court of the United States on the issues that the Ninth Circuit decided against them in *Lopez v. Swaney*, *et al.*, 17-16516.

Rule 60(b) allows this Court to revisit its Order based on, "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . or (6) any other reason that justifies relief.

When Defendants previously moved to stay this action, they had not yet filed their Petition for Writ of Certiorari. On March 4, 2019, they did. (*See* Dkt. 153.) The petition was placed on the Supreme Court docket as No. 18-1162. (Dkt. 155.) Since then, the following has also taken place in the United States Supreme Court:

a) After Plaintiff waived his right to respond, the Supreme Court requested that he file a Response.[1]

b) After Plaintiff received an extension to file his Response, he filed it on July 8, 2019.[2]

c) On July 23, 2019, Defendants filed their Reply Brief.[3]

d) On July 24, 2019, the Supreme Court set the case for Conference on October 1, 2019.[4]

Although the Supreme Court's setting of this matter for Conference on October 1, 2019, does not necessarily mean that its decision is imminent, it could mean that it may decide whether to grant or deny Defendants' Petition less than one month from today. It could also reset the Conference for a later date.

The timing of the Supreme Court's Conference on October 1 is problematic for Defendants (as well as Plaintiff) because this Court has set September 20, 2019, as the deadline for the parties to file their Joint Pretrial Statement, Motions in Limine, Jury Notebooks, Trial Briefs, Voir Dire, Jury Instructions, Forms of Verdict, deposition designations and exhibits. (Dkt. 145.) It would be a gross waste of time and precious State resources for this office (and Plaintiff's counsel) to dedicate the time and resources to meet Defendants' September 20 deadlines only to have the Supreme Court grant

---

[1] *See* Supreme Court docket, *available at* https://www.supremecourt.gov/docket/docket.aspx (search for "18-1162," then select "Docket for 18-1162") (last visited Sept. 5, 2019).

[2] *Id.*

[3] *Id.*

[4] *Id.*

certiorari a few days later. Indeed, since the matters at issue also concern completed events, there is no particular urgency to conducting a trial in this case. That said, Plaintiff's attorney has informed counsel that he will not agree to staying this case pending the resolution of Defendants' pending Petition for Writ of Certiorari.

When the Court denied Defendants' previous Motion for Stay, they had not yet filed their Petition for Writ of Certiorari. Since then, they have not only followed through and filed it, but the Supreme Court has also directed Plaintiff to respond to it, Defendants have replied, and the Court most recently set the matter for conference on October 1, 2019. Defendants submit that the foregoing constitutes newly discovered evidence that they could not have submitted to the Court in time to move for a stay under Rule 59. They further submit that the Supreme Court's request that Plaintiff file a Response to the Petition and its more recent setting of the matter for conference is evidence that it is interested in this case and that it may yet decide the qualified immunity issue in their favor.

Defendants Bennett and Swaney therefore respectfully request that the Court vacate all pretrial deadlines and that it stay all proceedings in the District Court, including trial, until the Supreme Court has issued its decision on their pending Petition for Writ of Certiorari.

RESPECTFULLY SUBMITTED this 6th day of September, 2019.

MARK BRNOVICH
ATTORNEY GENERAL

s/Claudia Acosta Collings
CLAUDIA ACOSTA COLLINGS
PAUL E. CARTER
Assistant Attorneys General
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the _6th____ day of September, 2019, I electronically filed the foregoing Document with the United States District Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Stephen M. Weeks
WEEKS LAW FIRM PLLC
P.O. Box 126
Marana, AZ 85653-0126
*Plaintiff's Attorney*

s/A. Kentla
8172117